IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) No. 4:22-cr-00555-JMD |
| | ) |
| ROOSEVELT EASLEY, | ) |
| | ) |
| *Defendant.* | ) |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE EXCEPT AS AMENDED**

The Court, having reviewed *de novo* the report and recommendation from United States Magistrate Judge Joseph S. Dueker, **DENIES** all *pro se* Defendant Roosevelt Easley's motions addressed in that report as well as his subsequent motion to supplement the record.[1] ECF 200; ECF 202. The Court sustains, adopts, and incorporates the report in full except for sections II.B and II.L, which discuss Easley's arguments about Missouri's Second

---

[1] Easley's pending motions are listed as discussed in the report and as entitled by Easley: (1) Motion to Suppress Evidence and to Dismiss the Superseding Indictment ("Motion to Suppress"), ECF 172; (2) Supplemental Motion to Dismiss Counsel of Record and Motion for Leave to Proceed Impropia Persona Revoking All Powers of Attorney, ECF 46; (3) Pr!—AE—Cipe Writ of Praecipe Quia Timet Curia Advisari Vult, ECF 51; (4) Motion to Strike, ECF 59; (5) Notice of Mental Health, ECF 60; (6) Motion for Voir Dire of Evidence and Notice of Estoppel in Pais, ECF 61; (7) Motion for Garcia Hearing, ECF 67; (8) Motion to Withdraw Plea of Not Guilty and to Enter Plea in Abatement Motion to Quash, ECF 76; (9) Motion to Dismiss Superseding Indictment, ECF 141]; (10) Dismissal Motion for Speedy Trial Violation, ECF 149; (11) Motion for Grand Jury Minutes (Objection to "Grand Jury"), ECF 150; (12) Motion for Dismissal (Vindictive Prosecution), ECF 151; (13) Motion to Dismiss Indictment S1, ECF 152; (14) Motion to Dismiss Indictment Due to Executive Order, ECF 153; (15) Motion to Compel Production of Transcripts and Enforce Constitutional Rights, ECF 185; (16) Motion to Strike Untimely Discovery, Compel Video Evidence and for Return of Unauthorized Funds with Exhibits, ECF 186; (17) Petition for Discharge and Full Reconciliation, ECF 193; and (18) Motion to Invoke Rules 5.1 and 11(b) with Notice of Constitutional Challenge and Judicial Notice Under Title 5 U.S.C. § 3331, ECF 194. Easley's other pending motion is his Motion for Judicial Notice of Supplemental Exhibits. ECF 202.

Amendment Preservation Act.  Citing a district court decision declaring the Act unconstitutional, the magistrate judge's report concludes that the Second Amendment Preservation Act is unconstitutional and recommends denying Easley's motions for that reason.  But the Federal Government recently conceded that the district court decision about the Act (and the Eighth Circuit decision affirming it) are wrong, and a certiorari petition in that case remains pending before the Supreme Court.  Instead, the Court holds that the Act simply does not apply to Easley's circumstances.  The Court thus rejects several of Easley's motions on grounds different than recommended by the magistrate judge.

## I.

The standard of review turns on whether a party timely objects to the report.  Absent an objection, the Court reviews for clear error.  28 U.S.C. § 636(b)(1)(A) (2000).  Otherwise, the Court reviews the motions and the report *de novo*.  28 U.S.C. § 636(b)(1)(C).  The Court did not receive an objection within the time limit prescribed, but in an abundance of caution, the Court will assume any delay was justified and review the matters *de novo*.

## II.

Sections II.B and II.L of the report cover two pending motions where Easley argues that Missouri's Second Amendment Preservation Act[2] requires, among other things, dismissing the indictment.  While the report correctly recommends a denial of both motions, the report does so in part on the magistrate judge's view that the Act is unconstitutional.  That constitutional determination is both premature and unnecessary.

It is premature because the Federal Government—which brought the case challenging that Act—has now conceded that the Act is at least in part constitutional.  Although the

---

[2] Mo. Rev. Stat. §§ 1.410-1.485 (2021).

2

district court in a case challenging the constitutionality of that Act declared the law to be unconstitutional, and although the Eighth Circuit affirmed, the Federal Government has now conceded to the Supreme Court that both lower courts got it wrong.

After the Federal Government sued Missouri to challenge the Act, the district court determined that the Act was unconstitutional and issued an order purporting to "invalidate[ ]" the Act "in its entirety." *United States v. Missouri*, 660 F.Supp.3d 791, 809 (W.D. Mo. 2023). The Eighth Circuit affirmed. *United States v. Missouri*, 114 F.4th 980 (8th Cir. 2024). But in response to a certiorari petition to the Supreme Court, *Missouri v. United States*, No. 24-796, the Federal Government has now conceded that both the district court and the Eighth Circuit got the analysis wrong. The Federal Government, for example, conceded that Missouri is entitled at least to partial relief from judgment because of "concerns" that "the judgment below extends too far and enjoins applications of [the Act] that do constitute mere non-enforcement of federal law protected under the anti-commandeering doctrine" of the Tenth Amendment. Brief of Respondent at 16, *Missouri v. United States*, No. 24-796 (June 10, 2025). Similarly, the Federal Government criticized the Eighth Circuit's holding, stating that the case "raises more difficult questions than the Eighth Circuit recognized." *Id.* at 6. In other words, both the State of Missouri (as petitioner) and the Federal Government (as respondent) agree that the district court and the Eighth Circuit decisions are at least in part wrong.

The Court thus will not resolve Easley's motions based on an Eighth Circuit decision that is pending for review at the Supreme Court and that both sides in that case agree was at least in part wrongly decided. The Court instead will assess Easley's motions based on the many sufficient nonconstitutional arguments. *Cf., e.g.*, *Wash. State Grange v. Wash. State*

3

*Republican Party*, 552 U.S. 442, 450 (2008) (highlighting "the fundamental principle of judicial restraint that courts should neither 'anticipate a question of constitutional law in advance of the necessity of deciding it' nor 'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied'") (quoting *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 346-47 (1936) (Brandeis, J., concurring)) (additional internal citations omitted).

The report contains a thorough analysis of why the Act does not even apply to Easley. Easley's motions request dismissal of the prosecution against him because of the Act, but the Act is a state cause of action, not a federal cause, and it provides only a civil monetary remedy, not any other kind of relief.  For example, it provides a "civil penalty of fifty thousand dollars" to a plaintiff who proves that a state official has "deprive[d] a citizen of Missouri of the rights or privileges ensured by Amendment II of the Constitution of the United States." Mo. Rev. Stat. § 1.460.  Easley has not suffered a Second Amendment violation, it is federal officials who have brought this prosecution, and the monetary remedies would not entitle him to the relief he seeks even if the Act applied to his circumstances.  The Court adopts this part of the magistrate judge's report, as amended.

### III.

Easley's objections fail to rebut any portion of the report's findings and analysis.  Each of his objections either lacks sufficient support or was persuasively rebutted in the report. Similarly, the supplemental exhibits he raised do not alter this decision.

For example, Easley contends that the magistrate judge issued "dispositive rulings" as to his "Motion to Dismiss the Superseding Indictment . . . rather than a recommendation" in a manner that "exceed[s] the authority of a magistrate judge."  ECF 201 at 1.  The

4

magistrate judge properly denied this motion as moot because it was directed at the defunct original indictment, not the now-operative superseding indictment. ECF 135. Ealsey's second challenge here, arising out of a motion "seek[ing] to have his motions re-instated," fails on the same grounds. ECF 154 at 2.

Similarly, Easley asserts that the magistrate judge "misstates the record" by "impl[ying] that Defendant did not request suppression of any specific evidence." ECF 201 at 2. Ealsey says that he "explicitly sought suppression of all evidence seized on March 29, 2022 and September 9, 2022." *Id.* The report, however, "assume[d] that Easley's Motion to Suppress seeks to suppress *all evidence* seized . . . on March 29, 2022." ECF 200 at 10 (emphasis added). The report also reviewed his arguments in favor of suppression as to all relevant evidence seized on September 9, 2022. ECF 200 at 15-18 (discussing Easley's vehicle and its contents). The report further concluded that his motions related to suppression were "not sufficiently definite, specific, and detailed to establish a contested issue of fact" and had "little or nothing to do with a proper request to suppress evidence." *Id.* at 8. Reviewing Easley's pending motions and the objection, the Court agrees with the report's analysis.

Finally, as part of his objection to the report, Easley has moved to supplement the record. But Easley largely seeks to supplement the record with documents already in the record. And to the extent he seeks to include documents not in the record, the Court has reviewed those documents and determined that they would not affect the Court's disposition.

**IV.**

Except for those parts of the report addressing the Second Amendment Preservation Act, the Court accepts, adopts, and incorporates in full the report's strong analysis regarding Easley's motions.

5

**IT IS HEREBY ORDERED** that:

1. Easley's Motion to Suppress Evidence and to Dismiss Superseding Indictment, ECF 172, is **DENIED**;

2. Easley's Supplemental Motion to Dismiss Counsel of Record and Motion for Leave to Proceed Impropia Persona Revoking All Powers of Attorney, ECF 46, is **DENIED**;

3. Easley's Writ of Praecipe Quia Timet Curia Advisari Vult, ECF 51, is **DENIED**;

4. Easley's Motion to Strike, ECF 59, is **DENIED**;

5. Easley's Notice of Mental Health, ECF 60, is **DENIED**;

6. Easley's Motion for Voir Dire of Evidence and Notice of Estoppel in Pais, ECF 61, is **DENIED**;

7. Easley's Motion for Garcia Hearing, ECF 67, is **DENIED**;

8. Easley's Motion to Withdraw Plea of Not Guilty and to Enter Plea in Abatement Motion to Quash, ECF 76, is **DENIED**;

9. Easley's Motion to Dismiss Superseding Indictment, ECF 141, is **DENIED**;

10. Easley's Dismissal Motion for Speedy Trial Violation, ECF 149, is **DENIED**;

11. Easley's Motion for Grand Jury Minutes (Objection to "Grand Jury"), ECF 150, is **DENIED**;

12. Easley's Motion for Dismissal (Vindictive Prosecution), ECF 151, is **DENIED**;

13. Easley's Motion to Dismiss Indictment S1, ECF 152, is **DENIED**;

14. Easley's Motion to Dismiss Indictment Due to Executive Order, ECF 153, is **DENIED**;

15. Easley's Motion to Compel Production of Transcripts and Enforce Constitutional Rights, ECF 185, is **DENIED**;

16. Easley's Motion to Strike Untimely Discovery, Compel Video Evidence and for Return of Unauthorized Funds with Exhibits, ECF 186, is **DENIED**;

17. Easley's Petition for Discharge and Full Reconciliation, ECF 193, is **DENIED**; and

18. Easley's Motion to Invoke Rules 5.1 and 11(b) with Notice of Constitutional Challenge and Judicial Notice Under Title 5 U.S.C. § 3331, ECF 194, is **DENIED**.

19. Easley's Motion for Judicial Notice of Supplemental Exhibits, ECF 202, is **DENIED**.

**IT IS HEREBY ORDERED**.

Dated this 11th day of September, 2025

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE